# United States Court of Appeals for the Federal Circuit

---

## IN RE UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,
*Petitioner.*

---

Miscellaneous Docket No. 111

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Pennsylvania in case no. 10-CV-6908, Judge Timothy J. Savage.

---

## ON PETITION

---

Before NEWMAN, LINN, and REYNA, *Circuit Judges.*

LINN, *Circuit Judge.*

### ORDER

The University of South Florida Board of Trustees (USF) petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Pennsylvania to vacate its order denying the law firm of Bryan Cave, LLP's (Bryan Cave) motion to withdraw as counsel for the Alzheimer's Institute of America, Inc. (AIA). Bryan Cave responds. AIA opposes. USF replies.

On November 24, 2010, AIA, represented by Bryan Cave, filed a complaint against Avid Radiopharmaceuti-

cals and The Trustees of the University of Pennsylvania (Avid), alleging infringement of its patents involving technology related to Alzheimer's Disease known as the "Swedish mutation." AIA asserted it was assigned the rights to the patents by Michael Mullan, who discovered the Swedish mutation while employed by USF. During the course of proceedings, Avid asserted that AIA lacked standing to bring the suit because the patents in question were properly owned by USF. In an August 31, 2011 opinion, the district court found that pursuant to Florida law, the patents were owned by USF because Mullan was employed by USF at the time the invention behind the patents was conceived, and because the invention was in the field or discipline of Mullan's employment. The district court further found that there were contested material facts regarding whether USF had waived its ownership rights in the invention. The district court then ordered a trial on the waiver issue, and on whether Mullan was the sole inventor. USF then moved to intervene, which the district court granted, but only as to the issue of whether or not it waived its rights in the Mullan's invention.

On September 23, 2011, Bryan Cave informed USF that it had represented, and was currently representing, USF in unrelated patent prosecution and licensing proceedings. Bryan Cave further informed USF that, pursuant to the rules of professional conduct of California, where the Bryan Cave attorney was licensed, Bryan Cave could not represent AIA unless USF provided its informed consent. USF refused to give consent. Subsequently, Bryan Cave moved to withdraw as counsel for AIA, which AIA opposed through separate counsel. After conducting an evidentiary hearing, on November 1, 2011, the district court denied the motion to withdraw. On November 17, 2011, the district court denied USF's motion for certification pursuant to 28 U.S.C. § 1292(b).

On December 7, 2011, the district court issued a memorandum opinion explaining its denial of Bryan Cave's motion to withdraw. Determining that Pennsylvania Rules of Professional Conduct were applicable, the district court found that, under the Pennsylvania rules, Bryan Cave was prohibited from representing AIA because of its concurrent conflict of interest due to its representation of USF in a separate matter and the refusal by USF to give consent to Bryan Cave's representation of AIA. However, the district court also noted that, under the rules, Bryan Cave could still represent AIA if ordered by the court.

In ultimately deciding to deny Bryan Cave's motion to withdraw, the district court weighed three factors to determine whether good cause existed to permit the withdrawal. Specifically, the district court considered the potential prejudice that the withdrawal would cause to the clients, lawyers, and other parties to the suit, the delay to the proceedings, and the harm to the administration of justice. In considering the factors, the district court first found that AIA would be prejudiced by Bryan Cave's withdrawal because Bryan Cave had served as AIA's counsel over the last two and half years, had spent a significant amount of time on AIA's case, and that it would be extremely difficult for AIA to find replacement counsel, which would also result in an inordinate expense for AIA. In contrast, the district court noted that USF conceded that Bryan Cave's representation of USF is unrelated to Bryan Cave's representation of AIA and that it could not identify any material harm that it had suffered or would suffer if Bryan Cave continued to represent AIA in the current action. The district also noted that USF stipulated that Bryan Cave had not and would not receive any confidential information from USF that would be relevant in the current action. Next, the district court found that there would be significant delay if AIA was

required to find new counsel, because it would take new counsel many weeks if not months to become familiar with the case and to prepare for trial due to the complexity of the science and the extensive discovery involved in the case. Finally, the district court found that allowing Bryan Cave to withdraw would harm the administration of justice because it would disrupt the flow of the litigation by causing delay which would affect pending related cases in other jurisdictions. Based on its weighing of the factors, the district court found that Bryan Cave could continue to represent AIA, at least through the trial on the waiver issue.

The remedy of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). This court has thus held that a party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired[1], *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). A request for mandamus relief is determined under Federal Circuit law, except to the extent that underlying procedural issues may be governed by the law of the regional circuit, which in this case is the law of the Third Circuit. *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1374 (Fed. Cir. 2001). Under Third Circuit jurisprudence, "[t]he district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it. .

---

[1]     AIA contends that the petition must be denied because USF has other means of obtaining the relief desired. We disagree. Orders involving the disqualification of counsel can be remedied through a writ of mandamus. *See In re Shared Memory Graphics, LLC*, 659 F.3d 1336, 1340 (Fed. Cir. 2011).

. . As a general rule, the exercise of this authority is committed to the sound discretion of the district court and will be overturned on appeal only for an abuse of discretion." *United States v. Miller*, 624 F.2d 1198, 1201 (3rd Cir. 1980). In the Eastern District of Pennsylvania, the court has adopted the Pennsylvania Rules of Professional Conduct to supervise the professional conduct of attorneys appearing before it. *See* E.D. Pa. Civ. R. 83.6, Part IV(B).

USF argues that under both California and Pennsylvania Rules of Professional Conduct, the district court abused its discretion in refusing to allow Bryan Cave to withdraw as counsel for AIA. We disagree.

As an initial matter, we conclude that the district court was correct in only applying the Pennsylvania Rules of Professional Conduct. Under Pennsylvania Rule 8.5, in determining the choice of law that should be applied with respect to attorney conduct, "for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits shall be applied, unless the rules of the tribunal provide otherwise." The California rules also support the district court's determination that Pennsylvania rules should apply in this case. California Rule 1-100(D) states that California rules will apply to its members in and outside California "except as members lawfully practicing outside this state may be specifically required by a jurisdiction in which they are practicing to follow rules of professional conduct different from these rules." Therefore, as in this case, where lawyers licensed in California practice in the Eastern District of Pennsylvania, Pennsylvania rules govern their conduct. *See also Action Air Freight, Inc. v. Pilot Air Freight Corp.*, 769 F. Supp. 899, 902 (E.D. Pa. 1991) (finding Pennsylvania rules govern California lawyers' conduct when practicing in the Eastern District).

In the Eastern District of Pennsylvania, even if a court finds that counsel has violated the Pennsylvania

Rules of Professional Conduct, disqualification is not mandatory, but within the sound discretion of the district court. *See Granberry v. Byrne*, 2011 WL 4852463, *2 (E.D. Pa. Oct. 13, 2011). "Counsel may be disqualified if the Court determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule, given the ends that the disciplinary rule is designed to serve." *Miller* at 1201. "When determining whether disqualification is appropriate, a court must also consider 'countervailing policies, such as permitting a litigant to retain his chosen counsel and permitting attorneys to practice without excessive restrictions.'" *Granberry*, at *2 (internal citations omitted).

We cannot conclude that USF established a clear and indisputable right to have Bryan Cave disqualified as counsel for AIA. In this case, the district court found that AIA would be prejudiced by the withdrawal of Bryan Cave because of their close working relationship and because it would be extremely difficult to find new counsel, resulting in significant added time and expense. At the same time, the district court found, and USF conceded, that it would not suffer any specific or material harm if Bryan Cave continued to represent AIA, and that Bryan Cave did not receive any confidential information from USF related to the current action. The district court also found that there would be a significant delay in proceedings if AIA were required to obtain new counsel. Under these circumstances, we cannot say that USF has met its burden of establishing a clear and indisputable right to mandamus relief.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

IN RE UNIV SOUTH FLORIDA

FOR THE COURT

__JAN 1 2 2012__                     /s/ Jan Horbaly
       Date                          Jan Horbaly
                                     Clerk

cc:  Steven B. Kelber, Esq.
     Peter C. Buckley, Esq.
     K. Lee Marshall, Esq.
     Clerk, United States District Court For The Eastern
District Of Pennsylvania

s20

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

JAN 1 2 2012

JAN HORBALY
CLERK